ZARELLA, J., concurring.
 

 I agree with the majority that, because none of the claims raised by the defendant, Donald Saturno, has merit, the judgment of the trial court should be affirmed. I write separately, however, to reiterate my belief that the approach this court adopted in
 
 State v. Geisler,
 

 222 Conn. 672
 
 , 684-85,
 
 610 A.2d 1225
 
 (1992), for analyzing state constitutional claims requires modification. As I stated in my concurrence in
 
 State v. Skok,
 

 318 Conn. 699
 
 , 724,
 
 122 A.3d 608
 
 (2015), "[i]n my view, only three of the six factors articulated in
 
 Geisler
 
 -the text of our constitution, state constitutional history, and Connecticut precedent-are consistently relevant. The other three factors vary in their relevance. Although there may be occasions when federal case law illuminates the meaning of provisions in our state constitution, I believe the precedent of our sister states and economic and sociological considerations rarely, if ever,
 are useful for this purpose."
 
 Id., at 725
 
 ,
 
 122 A.3d 608
 
 (
 
 Zarella, J.,
 
 concurring).
 

 In the present case, the majority correctly concludes that neither the text of the state constitution, its history, nor our precedent supports the defendant's claim under article first, § 7, of the Connecticut constitution. The
 majority nevertheless proceeds to consider the case law of other jurisdictions, as well as economic and sociological concerns, which I believe should play no role in our resolution of the defendant's claim. Accordingly, I respectfully concur.